IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09C442-MU-1

KENNETH LEE FOSTER,   )
          )
   Plaintiff,    )
          )
   v.      )   **O R D E R**
          )
CITY OF ASHEVILLE, <u>et al.</u>,  )
          )
   Defendants.   )
_____)

This matter is before the Court for an initial review of Plaintiff's Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, filed December 10, 2007.

On July 9, 2009, after a trial by jury, Plaintiff was convicted of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851 and of using a communication facility to facilitate the distribution of cocaine base in violation of 21 U.S.C. §§ 843(b) and 851. On September 4, 2009, Plaintiff appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit where his criminal case is currently pending.

Plaintiff has now filed the instant civil Complaint[1] alleging that on February 5, 2009, Defendant Crowe and other unknown officers illegally searched his residence and unlawfully seized items from his home. Plaintiff alleges that the officers lacked a warrant and that they violated the "knock and announce" requirement. Plaintiff also sues Defendant Pound, a supervisor of internal affairs, alleging that he "failed to investigate plaintiff's colorable claim of misconduct against

---

[1] Plaintiff lists both 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971) as authority for his lawsuit. Plaintiff does not name any federal actors as defendants and therefore this Court will analyze the Complaint under § 1983.

defendant crowe and the other unknown officers. Plaintiff also names the Municipality of Asheville as a defendant asserting that the city subjected him to an unreasonable search and seizure, including false imprisonment. Plaintiff contends that the defendants' conduct derived from official policy, pattern, and practice to conduct warrantless searches. Finally Plaintiff states that he seeks to name each defendant under the Tort Liability Act. Through this action, Plaintiff seeks 1,500,00 million dollars in compensatory damages and 500,000 in punitive damages from each defendant. Plaintiff seeks one million dollars in damages from the City of Asheville.

As an initial matter the Court notes that Plaintiff has failed to allege a claim against any of the defendants under the Federal Torts Claims Act (FTCA). Plaintiff asserts in a single sentence in his Complaint that he "seeks to sue each named defendant under the federal tort liability statute Title 5 U.S.C. § 3374(c)." A city and various municipal law enforcement officers, however, are not proper parties to a FTCA claim. The only proper defendant in a FTCA claim is the United States. See Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008). As such Plaintiff's FTCA claim is dismissed.[2]

Likewise, Plaintiff's claim that Defendants violated his Fourth Amendment rights by conducting a warrantless search is dismissed as factually baseless. Plaintiff alleges that on February 5, 2009, Defendant Crowe and several other members of the Asheville Police Department raided his home and forcefully restrained Plaintiff and his wife. Plaintiff asserts that "at no time was a search

---

[2] The Court notes that Plaintiff's FTCA claim also fails because he fails to allege that he has exhausted his administrative remedies. In order to file an action under the Federal Torts Claim Act (FTCA) in federal court a claimant must have "first presented the claim to the appropriate Federal agency . . . ." 28 U.S.C. § 2675(a). It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived. See Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). Plaintiff has not alleged nor provided any evidence that he has exhausted his administrative remedies.

warrant revealed to the plaintiff."  Plaintiff further states that during the "warrantless search" narcotics and drug paraphernalia were discovered.  Plaintiff alleges that a "large portion of [his] personal property" was taken at this time.  A review of Plaintiff's criminal file reveals that a search warrant was issued to search Petitioner's home.   (1:09MJ7: Doc. No. 4.)  As such, Petitioner has failed to establish a violation of his Fourth Amendment rights and this claim is dismissed.

Plaintiff also alleges that the City of Asheville subjected him to an unreasonable search and seizure, including false imprisonment.  Plaintiff contends that the Defendants' conduct derived from official policy, pattern, and practice to conduct warrantless searches of private citizens.  A blanket assertion that an act is derived from official policy, pattern, or practice is wholly insufficient to establish municipal liability.  Plaintiff provides no facts or evidence whatsoever to support his broad statement that it is the policy and practice of the City of Asheville to conduct warrantless searches of private citizens.  Indeed, as a warrant was executed in Plaintiff's case, Plaintiff does not even establish that the city conducted a warrantless search in this one instance.

Petitioner also alleges that his constitutional rights were violated when Defendant Pound, a supervisor of internal affairs, refused to investigate Plaintiff's  "colorable claim of misconduct against  defendant crowe and several unknown officers."  A November 5, 2009, letter attached by Plaintiff himself to the Complaint contradicts Plaintiff's own broad contention that Defendant Pound did not investigate his accusation.  This letter indicates that Plaintiff's complaint was investigated.  An adverse finding does not equate with a failure to investigate.  Plaintiff's allegation is insufficient to state a claim and it s dismissed.

Plaintiff, however, has stated a claim with regard to his allegation that Defendant Crowe violated the "Knock and Announce" rule.  After a careful review of the record, the Court finds that

Defendant Crowe should file an answer detailing Plaintiff's allegations concerning the "knock and announce" claim and responding to each.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants Pound and the City of Asheville are **DISMISSED** from this matter;

2. Plaintiff's warrantless search claim and Federal Torts Claim Act are dismissed; and

3. The Clerk shall issue summons and deliver it forthwith to the U. S. Marshal who will make service of process on Defendant Crowe without additional cost.

Signed: January 29, 2010

Graham C. Mullen
United States District Judge