**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:09-cv-442-RJC**

| | | |
|---|---|---|
| **KENNETH LEE FOSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **CITY OF ASHEVILLE et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 and "Bivens Action"[1] (Doc. No. 1); Plaintiff's Motion for Reconsideration (Doc. No. 9); Plaintiff's Motion for the Appointment of Counsel (Doc. No. 24); Plaintiff's Emergency Motion (Doc. No. 36); Defendant's Motion for Extension of Time (Doc. No. 25); and Plaintiff's Motion for Assistance (Doc. No. 35).

**I.      FACTUAL AND PROCEDURAL HISTORY**

On July 9, 2009, after trial by jury, Plaintiff was convicted of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851, and of using a communication facility to facilitate the distribution of cocaine base in violation of 21 U.S.C. §§ 843(b) and 851. On September 4, 2009, Plaintiff appealed his sentence and conviction to the Fourth Circuit Court of Appeals, and on March 14, 2011, the Fourth Circuit affirmed Plaintiff's conviction and sentence. United States v. Kenneth Lee Foster, No. 09-4835, 2011 WL 857785 (4th Cir. Mar. 14, 2011).

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

1

On December 10, 2009, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 and <u>Bivens</u> alleging that on February 5, 2009, Defendant Crowe and other unknown officers illegally searched his residence and unlawfully seized items from his home. Plaintiff alleged that the officers lacked a warrant and that they violated the "knock and announce" requirement. Plaintiff alleged that Defendant Pounds, a supervisor of internal affairs, failed to investigate his claim of misconduct against Officer Crowe. Plaintiff also named the Municipality of Asheville as a defendant, asserting that the city subjected him to an unreasonable search and seizure, including false imprisonment. By Order dated January 29, 2010, the Court dismissed Defendant Pound and the City of Asheville. The Court also dismissed Plaintiff's warrantless search and Federal Tort Claims Act claims but directed that the case proceed against Defendant Crowe pursuant to 42 U.S.C. § 1983 on Plaintiff's claim that Crowe violated the "knock and announce" rule. (Doc. No 4). The Court noted that Plaintiff had not named any federal actors as defendants and, therefore, it would analyze his Complaint under § 1983 and not pursuant to <u>Bivens</u>. (<u>Id.</u> n.1).

On March 3, 2010, the United States filed a Notice of Substitution of Counsel on behalf of Defendant Tracy Crowe, as Defendant Crowe was a deputized DEA task force officer pursuant to 21 U.S.C. § 868. (Doc. Nos. 11 and 16). As Defendant Crowe was acting in his capacity as a deputized DEA task force officer, he requests that the Court reexamine its ruling regarding <u>Bivens</u>. (Doc. No. 19 at 3). Given Defendant Crowe's status as a federal officer at all times relevant to the Complaint, the Court will consider Plaintiff's Complaint as a <u>Bivens</u> action.[2]

---

[2] Defendant also requested that the case proceed under the Federal Tort Claims Act. However, as noted in the Court's January 29, 2010 Order, in order to file an action under the Federal Tort Claims Act (FTCA) in federal court, a claimant must have "first presented the claim to the appropriate Federal agency . . . . " 28 U.S.C. § 2675; <u>Henderson v. United States</u>, 785 F.2d 121, 123 (4th Cir. 1986). The requirement of filing an administrative claim is jurisdictional and may not be waived. <u>McNeil v. United States</u>, 113 S, Ct. 1980, 1983-84 (1993). Plaintiff has not alleged nor provided any evidence that he has exhausted his administrative remedies.

**II. Pending Motions**

      **A.      Plaintiff's Motion for Reconsideration**

Plaintiff filed a Motion for Reconsideration asking that this Court reconsider its dismissal of his warrantless search claim. (Doc. No. 9). The Court dismissed Plaintiff's warrantless search claim because Plaintiff's criminal file revealed that a search warrant was issued to search his home. (Doc. No. 4). In connection with his appeal of his criminal conviction, the Fourth Circuit concluded that Plaintiff did not establish any error as to the warrant's issuance. United States v. Foster, 2011 WL 857785 (4th Cir. Mar. 14, 2011). In support of his motion, Plaintiff asserts that Defendant Crowe and the Asheville Police Department were not authorized to execute the search warrant in his case because they were not "duly authorized federal agents." In response, Defendant has filed declarations from Dan Guzzo, Tracy Crowe, and David Mandy, making it clear that the Asheville Police Department's Emergency Response Team was enlisted to aid federal agents in the execution of the search warrant by making the initial entry into the residence. (Doc. Nos. 18, 19). As argued by Defendant in his response, 18 U.S.C. § 3105 provides authority for state law enforcement officials to participate in a federal search. Therefore, Plaintiff's Motion for Reconsideration will be denied.

      **B.      Plaintiff's Motion for Appointment of Counsel**

Plaintiff asks the Court to appoint him counsel in connection with this proceeding because he cannot afford counsel and "[his] imprisonment will greatly limit his ability to litigate, the issues involved in this case are complex, and will require significant research and investigation, Plaintiff has limited assess to the law library," and he expects that this case will involve conflicting testimony, which counsel would be better equipped to handle. (Doc. No. 24).

The appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: (1) the type and complexity of a case, and (2) the ability of the pro se litigant to present the case. Whisenant, 739 F.2d at 163. At this time, the Plaintiff is adequately representing himself, and this case is not complex. Therefore, Plaintiff's motion will be denied.

### C.    Defendant's Motion to Extend Time

Defendant Crowe filed a motion seeking an extension of time to reply to Plaintiff's response to the motion to dismiss/motion for summary judgment and to respond Plaintiff's Motion to Strike and Motion for Appointment of Counsel. Defendant Crowe has filed responsive documents to all of the motions at issue and, therefore, his Motion to Extend Time will be dismissed as moot.

### D.    Plaintiff's Rule 56(f) Motion[3]

Plaintiff has filed a motion under Rule 56(f)[4] of the Federal Rules of Civil Procedure requesting additional time and discovery to further respond to Defendant's motion to dismiss/motion for summary judgment. (Doc. No. 26).

Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)) enables a party to move the court to defer ruling on a motion for summary judgment and permit discovery on the grounds that the party "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). To prevail

---

[3] Plaintiff requests essentially the same discovery pursuant to his Motion for Assistance (Doc. No. 35). Plaintiff's Motion for Assistance will be denied for the reasons that Plaintiff's Rule 56(f) Motion is denied.

[4] In the current version of the Federal Rules of Civil Procedure, the rule to which Plaintiff cites is now 56(d).

on a Rule 56(d) motion, a party must do more than simply list topics on which a party wants discovery. Rather, the party seeking to invoke Rule 56(d) must satisfy certain criteria. First, the party must submit an affidavit that "particularly specifies legitimate needs for further discovery" and identifies "which aspects of discovery require more time to complete." Simmington v. Gates, 2010 WL 1346462 (D. Md. 2010) (citing Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995)). Second, the affidavit must "specifically allege why the information sought would have been sufficient to create a genuine issue of material fact such that it would have defeated summary judgment." Strag v. Board of Trustees, 55 F.3d 943, 954 (4th Cir. 1995). Denial of a Rule 56(d) motion is proper if the additional evidence sought would not create a genuine issue of material fact to defeat summary judgment. Id.

The burden on the party seeking to invoke Rule 56(d) is especially heavy in cases like the instant case, which involves qualified immunity. Although affidavits submitted under Rule 56(d) are generally entitled to liberal treatment, this standard does not apply in the qualified immunity context because "discovery should not be allowed" until the "threshold immunity question is resolved." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Where qualified immunity has been asserted, a court's discretion to grant a Rule 56(d) motion is limited because lawsuits against the government should "be resolved prior to discovery and on summary judgment if possible." Jones v. City and County of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988). (emphasis in original). "Liberal application of Rule [56(d)] should not be allowed to subvert the goals of Harlow and its progeny." Id.

Additionally, a party seeking relief under Rule 56(d) must "demonstrate a 'connection between the information he would seek in discovery and the validity of the [defendant's] qualified

immunity assertion. Lewis v. City of Ft. Collins, 903 F.2d 752, 758 (10th Cir. 1990) (quoting Jones, 854 F.2d at 1211).

Here, Plaintiff claims Crowe violated his Fourth Amendment rights by failing to "knock and announce" prior to entering his residence. Crowe has asserted qualified immunity in response to the claim, arguing that his personal conduct did not result in a constitutional violation, and he has also presented evidence that there was no constitutional violation. Defendant has submitted evidence showing that he did not take part in the initial entry to the residence and that the entry team did, in fact, knock and announce prior to entry. (Doc. Nos. 19-2, 19-3, and 19-4). In order to overcome summary judgment, Plaintiff must demonstrate facts showing Crowe is not entitled to qualified immunity.

Pursuant to his motion, Plaintiff seeks discovery in five areas:

(1)    The full contract and agreement between the Asheville Police Department and the federal agency that deputized the defendant and the expiration date on defendant's contract;

(2)    the identity of all the unknown officers of the Asheville Police Department, ERT Team, and their policy governing their conduct when aiding a federal agent executing a federal search warrant;

(3)    the full report that was filed with the North Carolina Department of Revenue Unauthorized Substance Tax Division File No. AN51768, Form BD-4 filed by Defendant;

(4)    names of individuals who have filed any complaints against any defendant for similar conduct alleged in the complaint (1983 Bivens); and

(5)    the policy on executing a federal search warrant by anyone other than an officer for the United States.

In order for the Plaintiff to obtain the requested discovery, Plaintiff must show a "connection between the information he would seek in discovery and the validity of the [defendant's] qualified immunity assertion." Jones v. City and County of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988).

As to Plaintiff's first area of discovery listed above, such contract/agreement between the Asheville Police Department and the federal agency that deputized Defendant would not rebut qualified immunity. Plaintiff would be entitled to qualified immunity whether Defendant was acting in a federal capacity or his state capacity. Indeed, qualified immunity is applied using the same legal analysis whether under § 1983 or under Bivens. Wilson v. Layne, 626 U.S. 603 (1999).

Next, Plaintiff seeks the identity of unknown officers of the Asheville Police Department ERT Team and the policy governing their conduct when aiding federal agents executing a federal search warrant. Neither the Asheville Police Department nor the ERT Team members are party to this lawsuit, and their identities and policies would not be relevant to the assertion of qualified immunity by Defendant Crowe.

Plaintiff seeks the full unauthorized substance report to the tax division of the North Carolina Department of Revenue. However, Plaintiff fails to offer an explanation as to how this information would rebut the defense of qualified immunity.

Plaintiff seeks the names of individuals who have filed any complaints against the defendant for similar conduct. Again, Plaintiff does not provide any explanation as to how this information would rebut the defense of qualified immunity.

Finally, Plaintiff seeks discovery of the policy on executing a federal search warrant by anyone other than an officer for the United States. Plaintiff fails to identify how discovery in this area would allow him to oppose summary judgment and what evidence would be uncovered that would rebut Defendant's assertion of qualified immunity.

In addition to the above discovery requests, Plaintiff states in his motion that he proposes to explore the issues by "servi[ng] interrogatories an[d] [requests for] admission[] concerning the history of defendants of negligent acts in performing their duties . . . ." (Doc. No. 26 at 3). Plaintiff

7

states in his declaration that he needs to take the depositions of Tracy Crowe and Officer David Mundy and other officers on the ERT to show that defendants "were negligent, and that they breached the standard of ethics and professionalism owed to the Plaintiff and that the federal and state has created policies and regulations to prevent such conduct and violation of human rights." (Doc. No. 28 at 3). Negligence is not actionable under <u>Bivens</u> or under § 1983. <u>Daniels v. Williams</u>, 474 U.S. 327, 328-36 (1986); <u>Pink v. Lester</u>, 52 F.3d 73 (4th Cir. 1995). Further, violation of a rule or regulation does not defeat an official's qualified immunity assertion. <u>David v. Scherer</u>, 468 U.S. 183, 194 (1984).

Plaintiff also states that he would request production of documents "relating to the factual allegations in the complaint that resulted into a federal investigation, specifically any and all affidavits concerning the complaint (1983 Bivens) done by the defendants in this complaint." (Doc. No. 26 at 3-4). It is not clear what Plaintiff proposes and whether the federal investigation refers to his criminal charges or Defendant's investigation into Plaintiff's civil complaint. However, Plaintiff has not established how such discovery would provide evidence to rebut qualified immunity.

Plaintiff has not established a connection between the requested discovery and Defendant's defense of qualified immunity. Therefore, Plaintiff's Rule 56(f) motion will be denied.

III.  **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that

(1)    Plaintiff's Motion for Reconsideration (Doc. No. 9) is **DENIED**;

(2)    Plaintiff's Motion for the Appointment of Counsel (Doc. No. 24) is **DENIED**;

(3)    Defendant's Motion for an Extension of Time (Doc. No. 25) is **DISMISSED as moot**;

(4)     Plaintiff's Rule 56(f) Motion (Doc. No. 26) is **DENIED**; and

(5)     Plaintiff's Motion for Assistance (Doc. No. 35) is **DENIED**.

**SO ORDERED.**


Signed: March 30, 2011


Robert J. Conrad, Jr.
Chief United States District Judge