UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09-cv-442-RJC

| KENNETH LEE FOSTER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| CITY OF ASHEVILLE et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 and "Bivens Action"[1] (Doc. No. 1); Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. No. 18); Plaintiff's response (Doc. No. 23); Defendant's reply (Doc. No. 29); Plaintiff's Motion to Strike (Doc. No. 22) and Defendant's response (Doc. No. 30). For the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion to Strike[2] is **DENIED**.

I.    FACTUAL AND PROCEDURAL HISTORY

On December 10, 2009, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 and Bivens alleging that on February 5, 2009, Defendant Crowe in his individual and official capacity[3] and other

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] In response to Defendant's Motion for Summary Judgment, Plaintiff filed a Motion to Strike in which he asks this Court to strike Defendant's Memorandum, referring to Defendant's Motion for Summary Judgment and supporting affidavits. Plaintiff does not provide any legal reason for this Court to strike the Defendant's motion or supporting affidavits and, therefore, his motion is denied.

[3] A suit for money damages against a federal officer or agent in that party's official capacity is a suit against the United States. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The United States is immune from suit unless it consents to be sued. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Although the United States has waived sovereign immunity for certain common-law torts under the circumstances specified in the Federal Tort Claims Act, it has not waived its sovereign immunity for constitutional torts. Id. at 475-77. Defendant raised this issue in his Motion for Summary Judgment, and Plaintiff did not respond on this issue. Therefore, all claims against the Defendant for money damages in his official capacity must be dismissed.

unknown officers illegally searched his residence and unlawfully seized items from his home. Plaintiff alleges that the officers lacked a warrant and that they violated the knock-and-announce requirement. Plaintiff further alleges that Defendant Pound, a supervisor of internal affairs, failed to investigate his claim of misconduct against Officer Crowe. Plaintiff also named the City of Asheville as a defendant, claiming the city subjected him to an unreasonable search and seizure and false imprisonment. Plaintiff seeks compensatory and punitive damages. (Doc. No. 1 at 4).

The Court conducted an initial review of Plaintiff's Complaint and dismissed Defendant Pound and the City of Asheville. The Court also dismissed Plaintiff's warrantless search and Federal Torts Claim Act claims, but directed that the case proceed against Defendant Crowe pursuant to 42 U.S.C. § 1983 on Plaintiff's claim that Defendant Crowe violated the knock-and-announce rule. (Doc. No 4). The Court noted that Plaintiff had not named any federal actors as defendants and, therefore, the Court would analyze his Complaint under § 1983 and not pursuant to Bivens. (Id. n.1).[4]

The Plaintiff alleges the following facts. On February 5, 2009, Defendant Crowe and several unknown police officers cut the power to plaintiff's residence, launched explosive devices through his window and forced their way into plaintiff's home, without a warrant. Plaintiff further contends that the defendants violated the Fourth Amendment knock-and-announce requirement prior to entering his residence, and he maintains that the Defendants are not immune from suit for violating the knock-and-announce requirement. (Doc. No. 1 at 2-3).

---

[4] At Defendant's request, the Court reexamined its ruling regarding Bivens. In light of the fact that Defendant Crowe was deputized as a DEA task force officer and acting in that capacity at all times relevant to the Complaint, the Court determined that Plaintiff's Complaint could proceed under Bivens. (Plaintiff's § 1983 claims fail since Defendant Crowe was acting under color of federal law, not state law. Indeed, Defendant Crowe was acting in his capacity as a DEA Drug Task Force officer during the search of Plaintiff's residence. (Doc. No. 19-1: Certification of Scope of Employment).

2

Defendant Crowe offers the following facts. On or about February 2, 2009, a federal search warrant for the premises of 37 Waters Street, Asheville, North Carolina, was issued by Magistrate Judge Dennis Howell. (1:09mj7, Doc. No. 1). The search warrant was issued on the application of probable cause submitted by DEA Special Agent Dan Guzzo. (1:09mj7, Doc. No. 1; 1:09cv442, Doc. No. 19-2: Guzzo Affidavit). On February 5, 2009, the search warrant was executed at the Foster residence. (Docket 1:09mj7: Doc. No. 4). At all times relevant to the Complaint, Defendant Crowe was a deputized officer assigned to the Drug Enforcement Administration Drug Task Force. (Doc. No. 19-1).

In preparation for the execution of the search warrant, Special Agent Guzzo requested the assistance of the Asheville Police Department's Emergency Response Team (ERT) to make initial entry into the residence. (Doc. No. 19-2: Guzzo Affidavit). Drug Task Force Officer Tracy Crowe drove the ERT to the Foster residence. (Doc. No. 19-3: Crowe Affidavit; Doc. No. 19-4: Mundy Affidavit). Special Agent Guzzo and Defendant Crowe remained outside the premises while the ERT made their way through the common door and up the stairs to the Foster residence. (Doc. No. 19-2: Guzzo Affidavit; Doc. No. 19-3 Crowe Affidavit; Doc. No. 19-4: Mundy Affidavit). ERT Officer Mundy positioned himself at the Foster residence front door while another ERT officer knocked on the front door and shouted "police, search warrant." (Doc. No. 19-4: Mundy Affidavit). Receiving no response, the ERT officers forced open the front door, tossed in a flash-bang distraction device to disorient the occupants, and made their way into the residence. (Id.). After securing the scene, the Drug Task Force officers, including Special Agent Guzzo and Tracy Crowe, entered the residence and proceeded to search the premises. (Doc. No. 19-2: Guzzo Affidavit; Doc. No. 19-3: Crowe Affidavit).

Upon completion of the search, officers seized, among other things, 302.3 grams of crack

cocaine and 556.8 grams of cocaine hydrochloride. (Docket 1:09mj7: Doc. No. 4). Plaintiff was arrested at the scene and ultimately convicted of drug charges by a jury and sentenced to 360 months in prison. (Case No 1:09cr13: Doc. No. 347). Plaintiff's conviction and sentence were affirmed on appeal. (United States v. Foster, 2011 WL 857785 (4th Cir. Mar. 14, 2011) (unpublished).

## II. LEGAL STANDARD[5]

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any

---

[5] Defendant moved to dismiss or in the alternative for summary judgment. Because Defendant filed affidavits in support of his motion, the Court treats it as a summary judgment motion.

inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677, 557 U.S. ___ (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

The Court dismissed Plaintiff's warrantless search claims on initial review because the record confirmed that a warrant was issued prior to the search of his home. (Doc. No. 4 at 2-3). On appeal, the Fourth Circuit Court of Appeals concluded that there was no error with respect to the warrant's issuance. Foster, 2011 WL 857785. The only issue remaining is whether Defendant Crowe violated the Fourth Amendment knock-and-announce requirement.

The knock-and-announce rule requires that absent exigent circumstances, before forcibly entering a residence, police officers must knock on the door, announce their presence, and wait a reasonable period of time. Gould v. Davis, 165 F.3d 265, 270 (4th Cir. 1998).

Defendant Crowe contends that he did not participate in the initial entry into Plaintiff's residence and that he thus could not have violated the knock-and-announce rule. Defendant contends that because his actions did not violate the Constitution, he is entitled to qualified immunity.

In the context of a Bivens suit, in order to state a cognizable claim, a Plaintiff must specifically allege the personal action performed by each defendant that would give rise to their personal liability under the United States Constitution. Liability is personal, based upon a defendant's own constitutional violations. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). The Supreme Court recently reaffirmed this requirement of personal conduct, stating that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each

5

Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).

In his Complaint, Plaintiff alleged that "the defendants violated the Fourth Amendment requirement that police officers 'knock and announce' prior to entering a dwelling forcibly." (Doc. No. 1 at 3). Plaintiff did not specifically identify Defendant Crowe by name as the officer who failed to knock and announce prior to entering his residence. On summary judgment, Defendant Crowe submitted three affidavits: his own, Officer Mundy's, and Special Agent Guzzo's, which establish that Crowe did not participate in the initial entry into Plaintiff's residence, but that he waited outside the residence while the ERT made the initial entry. Crowe only entered the residence to conduct the search after the ERT officers had made entry and secured the scene. The affidavits also state that Crowe's involvement with the ERT was to transport them to the premises to be searched, and that he took no part in advising the ERT on its entry method. (Doc. No. 19-2 at 2; Doc. No. 19-3 at 2; Doc. No. 19-4 at 1). Moreover, Officer Mundy's affidavit states that his team did knock on Plaintiff's door and announce "police, search warrant." (Doc. No. 19-4 at 2).

In response to Defendant's Motion for Summary Judgment and supporting affidavits, Plaintiff offers no evidence or affidavits to counter Crowe's evidence that he did not personally participate in the initial entry into the home and therefore could not have violated the Fourth Amendment knock-and-announce requirement. Instead, Plaintiff reiterates the allegations in his Complaint and acknowledges the affidavits filed in support of the Defendant's Motion for Summary Judgment. The non-moving party "may not rest upon mere allegation or denials of [non-movant's] pleadings," but must "set forth facts showing that there is a genuine issue for trial." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). Plaintiff has failed to support his claim with factual evidence of Defendant Crowe's personal involvement in a

knock-and-announce violation. Therefore, Defendant's Motion for Summary Judgment is granted on the basis that there is no genuine issue of material fact.

To the extent that Plaintiff has attempted to modify his original theory of liability in his response to Defendant's Motion for Summary Judgment and allege that since Defendant Crowe drove the ERT to the residence, he must have told the ERT how to enter his residence, (Doc. No. 23 at 4), such a theory of liability fails here in that it is conclusory and unsupported by any evidence. Further, to the extent that Plaintiff seeks to amend his Complaint to name Officer Mundy and or the officer who was with Officer Mundy and allegedly knocked on his front door, such request fails, as Plaintiff merely mentions it in passing in a brief, and he has not filed a motion requesting the same.[6]

Next, with respect to qualified immunity, government officials performing discretionary functions enjoy qualified immunity from civil liability as long as their conduct does not violate any clearly established constitutional rights of which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992). Whether a government official is deserving of qualified immunity is a two-pronged inquiry which includes a determination as to (1) whether the official violated a constitutional right; and if so (2) whether the right was "clearly established" at the time of the violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). The Court has discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 129 S. Ct. 808, 813, 818. (2009). The Court in Pearson reinforced that the issue of qualified immunity should be resolved at "the earliest possible stage" of litigation. Id. at 815. The Fourth Circuit has held that "[i]f the facts, viewed in the light most favorable to the plaintiff, 'do not establish a violation of a constitutional

---

[6] The Court is confident that Plaintiff is well-aware of the proper procedure for filing a motion, as he has filed at least seven other motions in this case.

right, the inquiry ends, and the plaintiff cannot prevail.'" McKinney v. Richland County Sheriff's Dept., 431 F.3d 415, 417 (4th Cir. 2005).

Here, the affidavits in support of Defendant's motion for summary judgment establish that Defendant Crowe did not participate in the initial entry into Plaintiff's residence and therefore could not have been involved the alleged violation. Therefore, Defendant Crowe is entitled to qualified immunity.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that

(1) Defendants' Motion for Summary Judgment (Doc. No. 18) is **GRANTED**;

(2) Plaintiff's Motion to Strike (Doc. No. 22) is **DENIED**; and

(3) Plaintiff's Complaint is **DISMISSED**.

Signed: March 30, 2011

Robert J. Conrad, Jr.
Chief United States District Judge